IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD SHARP,

    Plaintiff,

v.                                                                                      No. 21-cv-00825 JB/SMV

MARK ZUCKERGERG
and FACEBOOK,

    Defendants.

## ORDER TO CURE DEFICIENCY

    THIS MATTER is before the Court on Plaintiff's letter Civil Complaint [Doc. 1], docketed on August 25, 2021. Plaintiff is a federal detainee at Cibola County Correctional Institution and is proceeding *pro se.* He seeks damages based on, *inter alia*, violation of his right of free speech through censorship by Facebook and Zuckerberg. The filing is deficient because Plaintiff failed to prepay the $402 civil filing fee, or alternatively, file a motion to proceed *in forma pauperis* along with a six-month account statement. *See* 28 U.S.C. § 1915(a)(2). Plaintiff acknowledges the filing fee requirement in a letter attached to the Complaint. He states: "I have less than $1,000. I have a public defender and an EBT card. I should not have to prove this every single time I file a claim. IT IS STUPID!" [Doc. 1] at 5.

    Plaintiff's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce . . . prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* Accordingly, § 1915 "calls for assessment of 'an initial

partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Plaintiff must prepay the filing fee or file a motion to proceed *in forma pauperis* **no later than September 27, 2021**. Any *in forma pauperis* motion must attach a copy of Plaintiff's six-month inmate account statement. The Court will use that statement to assess an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). "[T]he initial partial filing fee" will "be assessed on a per-case basis, *i.e.*, each time [Plaintiff] files a lawsuit." *Bruce*, 577 U.S. at 84. Thereafter, Plaintiff must pay 20% of his monthly income until the filing fee is paid in full, in each case. *Id.* at 90. All filings must include the case number (**21-cv-0825 JB/SMV**). The failure to timely comply with this Order will result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that **no later than September 27, 2021**, Plaintiff prepay the $402 filing fee, or alternatively, file a motion to proceed *in forma pauperis* along with an inmate account statement reflecting transactions between **February 25, 2021**, and **August 25, 2021**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank *in forma pauperis* motion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**