IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                                                                                                   No. CIV 21-0825 JB/SMV

MARK ZUCKERBERG and
FACEBOOK,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on Plaintiff Donald Thomas Sharp's handwritten Civil Complaint, filed August 25, 2021 (Doc. 1)("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Sharp filed his Complaint on August 25, 2021. See Complaint at 1. Sharp did not pay the filing fee or submit an application to proceed in forma pauperis at the time he filed the Complaint. The Honorable Stephan M. Vidmar, United States Magistrate Judge in the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies, filed August 26, 2021 (Doc. 2)("Cure Order"), directing Sharp to cure deficiencies either by paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of the Order's entry, see Cure Order at 1. Magistrate Judge Vidmar also provides Sharp with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. See Order at 2. The Cure Order advises Sharp that, if he fails to cure the deficiency within the thirty-day time period, the Court could dismiss this proceeding without further notice. See Order at 2.

This case is one of many that Sharp has filed advancing a theory that local, State, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme. See Complaint at 1. In this case, Sharp claims that Defendants Mark Zuckerberg and Facebook have censored Facebook posts, attempted to divide the United States, committed major fraud, given aid and comfort to the enemy, assisted in overthrowing the government, and engaged in child torture and genocide. See Complaint at 1-4. Sharp seeks seizure of all of Zuckerberg's and Facebook's assets and forfeiture of those assets to Sharp, and the immediate arrest of Zuckerberg. See Complaint at 2. The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] Sharp is presently under filing restrictions that the Honorable William Johnson, Chief United States District Judge in the United States District Court for the District of New Mexico, imposed because of Sharp's lengthy and abusive litigation history. See Sharp v. State of New Mexico, No. CIV 21-0700 WJ/SMV, Memorandum Opinion and Order, filed October 15, 2021 (Doc. 29).

More than four months have elapsed since Magistrate Judge Vidmar entered the Cure Order. See Cure Order at 1. Sharp has not paid the $400.00 filing fee or submitted a complete

---

[1] See, including but not limited to, Sharp v. Federal Bureau of Investigation, No. CIV 21-0770 KWR/SCY; Sharp v. U.S. House of Representatives, No. CIV 21-0771 MV/SCY; Sharp v. Lea County Sheriff, No. CIV 21-0772 MV/LF; Sharp v. Gonzales, No. CIV 21-0769 MV/LF; Sharp v. United States, No. CIV 21-0698 JB/GBW; Sharp v. Core Civic, No. CIV 21-0699 KG/GJF; Sharp v. State of New Mexico, No. CIV 21-0700 WJ/SMV; Sharp v. Department of Justice, No. CIV 21-704 MV/JFR; Sharp v. U.S. Supreme Court, No. CIV 21-0705 JCH/KBM; Sharp v. New Mexico Board of Finance, No. CIV 21-0711 JB/GBW; Sharp v. City of Edgewood Chief of Police, No. CIV 21-0712 JB/JHR; Sharp v. Mace, Cibola County Sheriff, No. CIV 21-0714 MV/SMV; Sharp v. Biden, No. CIV 21-0719 KWR/CG; Sharp v. El, No. CIV 21-0720 KWR/GBW; Sharp v. U.S. Marshall Service, No. CIV 21-0721 RB/GJF; Sharp v. U.S. Federal Public Defenders Office, No. CIV 21-0819 JB/CG; Sharp, et al., v. Core Civic, No. CIV 21-0820 WJ/JFR.

application to proceed under § 1915 in proper form.  Sharp has not paid the filing fee in this case and has refused to pay the filing fee in other civil cases, incorrectly claiming that he is entitled to have all court fees discharged.  As Sharp has been advised, regardless whether his Civil Complaint is treated as a Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, claim or a civil rights case, it is a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court must collect the filing fee from Sharp or authorize Sharp to proceed without prepayment of the fee.  Section 1915 is designed "to reduce . . . prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."  Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003)(quotations omitted).  Congress has determined that prisoners must "bear some marginal cost for each legal activity."  Cosby v. Meadors, 351 F.3d at 1327.  Accordingly, "[§] 1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued."  Bruce v. Samuels, 577 U.S. 82, 89-90 (2016)(emphasis added).  Sharp has neither paid $400.00 filing fee nor submitted an application to proceed under § 1915 in proper form.

Moreover, the Court may dismiss a proceeding under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with statutes or rules of civil procedure, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  The Court will, therefore, dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, for failure to comply with the Order, and for failure to prosecute this proceeding.  Also pending before the Court are Sharp's Order Granting Summary Judgment, filed January 11, 2022 (Doc. 7), which the Court construes as a motion, and Sharp's Order for Injunctive Relief,

filed January 26, 2022 (Doc. 8), which the Court also construes as a motion.  The Court will deny the pending motions as moot in light of this case's dismissal.

      **IT IS ORDERED** that: (i) Plaintiff Donald Thomas Sharp's Civil Complaint, filed August 25, 2021 (Doc. 1), is dismissed without prejudice; (ii) Sharp's Order Granting Summary Judgment, filed January 11, 2022 (Doc. 7), is denied as moot; (iii) Sharp's Order for Injunctive Relief, filed January 26, 2022 (Doc. 8), is denied as moot; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Thomas Sharp
Milan, New Mexico

    *Plaintiff Pro Se*